UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| PROMOTE INNOVATION LLC, ) <br> ) <br> Plaintiff ) <br> ) <br> v. ) <br> ) <br> WINNER ) <br> INTERNATIONAL, INC., ) <br> ) <br> Defendant. ) | Case No. 2:10-CV-331 <br><br> COMPLAINT FOR FALSE <br> PATENT MARKING <br><br> JURY TRIAL DEMANDED |

Plaintiff PROMOTE INNOVATION LLC alleges as follows:

NATURE OF THE CASE

1.  This is an action for false patent marking under Section 292 of the Patent Act (35 U.S.C. § 292), which provides that any person may sue to recover the civil penalty for false patent marking. Plaintiff Promote Innovation brings this *qui tam* action on behalf of the United States of America.

PARTIES

2.  Plaintiff PROMOTE INNOVATION LLC is a Texas limited liability company with a principal place of business in Houston, Texas.

3.  Defendant WINNER INTERNATIONAL, INC. is a Florida corporation.

JURISDICTION AND VENUE

4.  The Court has jurisdiction of this action under 28 U.S.C. §§ 1331 and 1338(a).

5.  The Court has personal jurisdiction over defendant. Defendant conducts or has conducted business within the State of Texas. Defendant offers or has offered for sale, sells or has sold, marks or has marked, and/or advertises or has advertised the products

1

that are the subject of this complaint in the United States, the State of Texas, and the Eastern District of Texas.

6.      Venue is proper in this district under 28 U.S.C. §§ 1391(b), 1391(c), and 1395(a).

FACTS

7.      Defendant has marked and/or continues to mark its Club wheel-lock products, including at least The Original Club products, (the Falsely Marked Products) with expired or otherwise inapplicable patents, including at least the specific patents identified in paragraphs 8 through 33 below, (the Falsely Marked Patents). Such false marking by defendant includes marking the Falsely Marked Patents upon, affixing the Falsely Marked Patents to, and/or using the Falsely Marked Patents in advertising in connection with the Falsely Marked Products.

8.      U.S. Patent No. 4,161,331 expired no later than May 23, 1997.  Additionally, it is directed to a universally moveable coupling for irrigation pipes, and does not have claims that cover the Falsely Marked Products.  Nevertheless, defendant has marked one or more of the Falsely Marked Products with U.S. Patent No. 4,161,331, and has done so after May 23, 1997.

9.      U.S. Patent No. 4,738,127 expired no later than November 26, 2005. Nevertheless, defendant has marked one or more of the Falsely Marked Products with U.S. Patent No. 4,738,127 after November 26, 2005.

10.     U.S. Patent No. 4,856,308's regular expiration date was no later than August 15, 2006.  However, plaintiff disclaimed the portion of the term of U.S. Patent No. 4,856,308 after April 19, 2005.  U.S. Patent No. 4,856,308 thus expired no later than April 19, 2005.

Nevertheless, defendant has marked one or more of the Falsely Marked Products with U.S. Patent No. 4,856,308 after April 19, 2005, and after August 15, 2006.

11. U.S. Patent No. 4,935,047 expired no later than December 20, 2008. Nevertheless, defendant has marked one or more of the Falsely Marked Products with U.S. Patent No. 4,935,047 after December 20, 2008.

12. U.S. Patent No. 5,222,381 is directed to a holder for a security device.  It does not have claims that cover the Falsely Marked Products.  Nevertheless, defendant has marked one or more of the Falsely Marked Products with U.S. Patent No. 5,222,381.

13. U.S. Patent No. 5,277,042 is directed to a steering wheel anti-theft device that has a lock-pawl mechanism to make the lock more difficult to pick.  On information and belief, it does not have claims that cover the Falsely Marked Products.  Nevertheless, defendant has marked one or more of the Falsely Marked Products with U.S. Patent No. 5,277,042.

14. U.S. Patent No. 5,278,537 is directed to an electronic alarm for avoiding collision with animals in a non-destructive manner. It does not have claims that cover the Falsely Marked Products.  Nevertheless, defendant has marked one or more of the Falsely Marked Products with U.S. Patent No. 5,278,537.

15. U.S. Patent No. 5,361,612 is directed to a hood lock with reel and cable.  It does not have claims that cover the Falsely Marked Products.  Nevertheless, defendant has marked one or more of the Falsely Marked Products with U.S. Patent No. 5,361,612.

16. U.S. Patent No. 5,365,215 is directed to a vehicle steering lock with an audible signal.  It does not have claims that cover the Falsely Marked Products.  Nevertheless,

defendant has marked one or more of the Falsely Marked Products with U.S. Patent No. 5,365,215.

17.     U.S. Patent No. 5,369,970 is directed to a compartment lock.  It does not have claims that cover the Falsely Marked Products.  Nevertheless, defendant has marked one or more of the Falsely Marked Products with U.S. Patent No. 5,369,970.

18.     U.S. Patent No. 5,412,963 is directed to a remote control anti-theft device.  It does not have claims that cover the Falsely Marked Products.  Nevertheless, defendant has marked one or more of the Falsely Marked Products with U.S. Patent No. 5,412,963.

19.     U.S. Patent No. 5,600,979 is directed to a vehicle anti-theft system involving an electrically operable security device.  It does not have claims that cover the Falsely Marked Products.  Nevertheless, defendant has marked one or more of the Falsely Marked Products with U.S. Patent No. 5,600,979.

20.     U.S. Patent No. 5,604,384 is directed to an anti-theft device for a motor vehicle involving a personal identification unit.  It does not have claims that cover the Falsely Marked Products.  Nevertheless, defendant has marked one or more of the Falsely Marked Products with U.S. Patent No. 5,604,384.

21.     U.S. Patent No. 5,635,899 is directed to a vehicle anti-theft device and system involving a vehicle control unit remotely controlled by a transmitter in a mechanical anti-theft device.  It does not have claims that cover the Falsely Marked Products.  Nevertheless, defendant has marked one or more of the Falsely Marked Products with U.S. Patent No. 5,635,899.

22.     U.S. Patent No. 5,673,575 is directed to a vehicle anti-theft device and system involving a supplemental lock means.  On information and belief, it does not have claims

that cover the Falsely Marked Products.  Nevertheless, defendant has marked one or more of the Falsely Marked Products with U.S. Patent No. 5,673,575.

23. U.S. Patent No. 5,836,186 is directed to a steering wheel protection device comprising a cut resistant face plate.  It does not have claims that cover the Falsely Marked Products.  Nevertheless, defendant has marked one or more of the Falsely Marked Products with U.S. Patent No. 5,836,186.

24. U.S. Patent No. 5,842,361 is directed to a steering wheel protection device comprising a cut resistant face plate.  It does not have claims that cover the Falsely Marked Products.  Nevertheless, defendant has marked one or more of the Falsely Marked Products with U.S. Patent No. 5,842,361.

25. U.S. Patent No. 5,865,044 expires no later than December 20, 2008.  Indeed, defendant disclaimed any portion of the patent's term beyond that date.  Nevertheless, defendant has marked one or more of the Falsely Marked Products with U.S. Patent No. 5,865,044.

26. In order to convince the Patent Office to issue U.S. Patent No. 6,223,568 over the prior art, defendant disclaimed a portion of the patent's term.  On information and belief, Defendant disclaimed at least the portion of the term after December 20, 2008.  On information and belief, U.S. Patent No. 6,223,568 thus expired no later than December 20, 2008.  Nevertheless, defendant has marked one or more of the Falsely Marked Products with U.S. Patent No. 6,223,568 after December 20, 2008.

27. In order to convince the Patent Office to issue U.S. Patent No. 6,223,569 over the prior art, defendant disclaimed a portion of the patent's term.  On information and belief, defendant disclaimed at least the portion after December 20, 2008.  On information and

belief, U.S. Patent No. 6,223,569 thus expired no later than December 20, 2008. Nevertheless, defendant has marked one or more of the Falsely Marked Products with U.S. Patent No. 6,223,569 after December 20, 2008.

28.     In order to convince the Patent Office to issue U.S. Patent No. 6,230,527 over the prior art, defendant disclaimed a portion of the patent's term.  On information and belief, defendant disclaimed at least the portion after December 20, 2008.  On information and belief, U.S. Patent No. 6,230,527 thus expired no later than December 20, 2008. Nevertheless, defendant has marked one or more of the Falsely Marked Products with U.S. Patent No. 6,230,527 after December 20, 2008.

29.     In order to convince the Patent Office to issue U.S. Patent No. 6,240,753 over the prior art, defendant disclaimed a portion of the patent's term.  On information and belief, defendant disclaimed at least the portion after December 20, 2008.  On information and belief, U.S. Patent No. 6,240,753 thus expired no later than December 20, 2008. Nevertheless, defendant has marked one or more of the Falsely Marked Products with U.S. Patent No. 6,240,753 after December 20, 2008.

30.     Design Patent No. 289,491 expired no later than April 28, 2001.  Nevertheless, defendant has marked one or more of the Falsely Marked Products with Design Patent No. 289,491 after April 28, 2001.

31.     Design Patent No. 306,252 expired no later than February 27, 2004. Nevertheless, defendant has marked one or more of the Falsely Marked Products with Design Patent No. 306,252 after February 27, 2004.

32.     Design Patent No. 339,974 expired no later than October 5, 2007.  It is directed to a holder for a security device, and does not apply to the Falsely Marked Products.

Nevertheless, defendant has marked one or more of the Falsely Marked Products with Design Patent No. 306,252, and has done so after October 5, 2007.

33. Design Patent No. 351,551 expired no later than October 18, 2008. It is directed to a holder for a security device, and does not apply to the Falsely Marked Products. Nevertheless, defendant has marked one or more of the Falsely Marked Products with Design Patent No. 351,551, and has done so after October 18, 2008.

34. Defendant has falsely marked the Falsely Marked Products after the expiration of one or more of the Falsely Marked Patents, and/or despite the fact that they do not cover the Falsely Marked Products. For example, defendant marked the patents identified above in paragraphs 8 through 33 on its Original Club products, sold in auto-part stores at least as late as August 26, 2010. Additionally, defendant marked the patents identified in paragraphs 8 through 33 on its Original Club products that were distributed with a Brinks product offer bearing a copyright date of 2006, after the expiration of one or more of the Falsely Marked Patents.

35. Defendant's patent marking on the Falsely Marked Products is made, at least in part, on a printed piece of heavy paper backing the product, which can easily be updated to reflect accurate patent information.

36. Defendant advertises and touts throughout its website (www.theclub.com) that one or more of the Falsely Marked Products are patented.

37. It was a false statement for defendant to mark the Falsely Marked Products with expired or otherwise inapplicable patents.

38. Defendant is a large, sophisticated company.

39. Defendant has, and/or regularly retains, sophisticated legal counsel.

7

40. Defendant has many years of experience applying for patents, obtaining patents, licensing patents, and/or litigating in patent infringement lawsuits. Defendant's patents, including the Falsely Marked Patents, were prosecuted by sophisticated legal counsel.

41. Defendant knew that a patent that is expired does not cover any product. Defendant also knew that one ore more of the Falsely Marked Patents did not have any claims that cover the Falsely Marked Products.

42. Defendant knew that it was a false statement to mark the Falsely Marked Products with an expired or otherwise inapplicable patent.

## INJURY IN FACT TO THE UNITED STATES

43. Defendant's false marking injured the United States.

44. Defendant's false marking caused injuries to the sovereignty of the United States arising from defendant's violations of federal law, specifically, defendant's violation of 35 U.S.C. § 292(a).

45. Defendant's false marking caused proprietary injuries to the United States.

46. The marking and false marking statutes exist to give the public notice of patent rights. Congress intended the public to rely on marking as a ready means of discerning the status of intellectual property embodied in an article of manufacture or design, such as the Falsely Marked Products.

47. Federal patent policy recognizes an important public interest in permitting full and free competition in the use of ideas which are, in reality, a part of the public domain—such as those described in the Falsely Marked Patents.

48. Congress's interest in preventing false marking was so great that it enacted a statute which sought to encourage private parties to enforce the statute. By permitting

members of the public to bring *qui tam* suits on behalf of the government, Congress authorized private persons like Promote Innovation to help control false marking.

49. Defendant's acts of false marking deter innovation and stifle competition in the marketplace for at least the following reasons: if an article that is within the public domain is falsely marked, potential competitors may be dissuaded from entering the same market; false marks may also deter scientific research when an inventor sees a mark and decides to forego continued research to avoid possible infringement; and false marking can cause unnecessary investment in design around or costs incurred to analyze the validity or enforceability of a patent whose number has been marked upon a product with which a competitor would like to compete.

50. Defendant's false marking misleads the public into believing that the Falsely Marked Patents give defendant control of the Falsely Marked Products (as well as like products), and places the risk of determining whether the Falsely Marked Products are controlled by such patents on the public rather than on defendant, thereby increasing the cost to the public of ascertaining whether defendant in fact controls the intellectual property embodied in the Falsely Marked Products.

51. Thus, in each instance where defendant represented that the Falsely Marked Products are protected by the Falsely Marked Patents, a member of the public desiring to participate in the market for products like the Falsely Marked Products must incur the cost of determining whether the involved patents are valid and enforceable. Failure to take on the costs of a reasonably competent search for information necessary to interpret each patent, investigation into prior art and other information bearing on the quality of

the patents, and analysis thereof can result in a finding of willful infringement, which may treble the damages an infringer would otherwise have to pay.

52. Defendant's false marking also creates a misleading impression that the Falsely Marked Products are technologically superior to previously available products, as articles bearing the term "patent" may be presumed to be novel, useful, and innovative.

53. Every person or company in the United States is a potential entrepreneur with respect to the process, machine, manufacture, or composition of matter described in the Falsely Marked Patents.  Moreover, every person or company in the United States is a potential competitor of defendant with respect to the Falsely Marked Products marked with the Falsely Marked Patents.

54. Each Falsely Marked Product or advertisement thereof, because it is marked with or displays the Falsely Marked Patents is likely to, or at least has the potential to, discourage or deter each person or company (itself or by its representatives) which views such marking from commercializing a competing product, even though the Falsely Marked Patents do nothing to prevent any person or company in the United States from competing with defendant in commercializing such products.

55. Defendant's marking of the Falsely Marked Products and/or advertising thereof has quelled competition with respect to similar products to an immeasurable extent, thereby causing harm to the United States in an amount that cannot be readily determined.

56. Defendant has wrongfully and illegally advertised a patent monopoly that it does not possess and, as a result, has benefited by increasing, or at least maintaining, its market power or commercial success with respect to the Falsely Marked Products.

57. Each individual false marking (including each time an advertisement with such marking is accessed on the internet) is likely to harm, or at least potentially harms, the public.  Thus, each such false marking is a separate offense under 35 U.S.C. § 292(a).

58. Each offense of false marking creates a proprietary interest of the United States in the penalty that may be recovered under 35 U.S.C. § 292(b).

59. For at least the reasons stated in paragraphs 7 to 58 above, defendant's false marking caused injuries to the sovereignty of the United States arising from defendant's violations of federal law, and caused proprietary injuries to the United States.

## CLAIM

60. For the reasons stated in paragraphs 7 to 59 above, defendant has violated section 292 of the Patent Act by falsely marking the Falsely Marked Products with intent to deceive the public.

## PRAYER FOR RELIEF

Plaintiff thus requests this Court, pursuant to 35 U.S.C. § 292, to do the following:

    A.    Enter judgment against defendant and in favor of plaintiff for the violations alleged in this complaint;

    B.    Order defendant to pay a civil monetary fine of $500 per false marking offense, or an alternative amount determined by the Court, one-half of which shall be paid to the United States; and

    C.    Grant plaintiff such other and further relief as it may deem just and equitable.

<u>JURY DEMAND</u>

Plaintiff demands a jury trial on all issues so triable.


Dated: August 31, 2010

Respectfully submitted,

<u>/s/  Matthew J. Antonelli</u>
Matthew J. Antonelli
Texas Bar No. 24068432
matt@ahtlawfirm.com
Zachariah S. Harrington (lead attorney)
Texas Bar No. 24057886
zac@ahtlawfirm.com
Larry D. Thompson, Jr.
Texas Bar No. 24051428
larry@ahtlawfirm.com
ANTONELLI, HARRINGTON &
THOMPSON LLP
4200 Montrose Blvd, Suite 430
Houston, TX 77006
(713) 581-3000

Attorneys for
PROMOTE INNOVATION LLC